ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 13, 2003

The Honorable Mary Denny
Chair, Committee on Elections
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0035

Re: Whether questioning by the Texas Ethics Commission of third-party witnesses to the circumstances giving rise to a sworn complaint violates section 571.140 of the Government Code (RQ-0599-JC)

Dear Representative Denny:

Government Code section 571.140 makes it a Class A misdemeanor to disclose "proceedings at a preliminary review or informal hearing performed by the [Texas Ethics] commission, *a sworn complaint*, and documents and any additional evidence relating to the processing, preliminary review, informal hearing, or resolution of a sworn complaint or motion . . . ." TEX. GOV'T CODE ANN. § 571.140 (Vernon 1994). Your predecessor as Chair of the Committee on Elections asked this office the narrow question of whether the staff of the Texas Ethics Commission ("the Commission") may in any instance interview third-party witnesses concerning a matter about which the Commission has received a sworn complaint without necessarily violating Government Code section 571.140.[1]

The Commission is charged by statute with enforcing chapters 302, 303, 305, 572, and 2004 of the Government Code, subchapter C, chapter 159 of the Local Government Code, and Title 15 of the Election Code. *See id.* § 571.061 (Vernon Supp. 2003). Its duties include processing a sworn complaint under subchapter E of Government Code chapter 571. A sworn complaint "alleg[es] that a person subject to a law administered and enforced" by the Commission has violated such a law or a Commission rule. *Id.* § 571.122(a) (Vernon 1994). Such a complaint must be in writing and must set forth the complainant's name and address, the name and position or title of each respondent, the nature of the alleged violation, a statement of the facts involved, all documents available to the complainant that are relevant, and a list of all relevant material of which the complainant is aware that either is not in the complainant's possession or available to him. *See id.* § 571.122(b). The Commission "shall conduct" a preliminary review on receipt of a proper sworn complaint,

---

[1]*See* Letter from Honorable Debra Danburg, Chair, Committee on Elections, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Aug. 26, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

*id.* § 571.124(a), and "may initiate a preliminary review" without a sworn complaint on the motion of a commissioner, and by a vote of at least six commissioners. *Id.* § 571.124(b). If the Commission finds that there is "credible evidence . . . that a violation has occurred," and cannot resolve the matter, it shall "in its discretion . . . order an informal hearing" and notify the complainant and respondent in writing of the "date, time, and place of the informal hearing." *Id.* § 571.126(b). Such a hearing may include all evidence related to the complaint, and "shall determine . . . whether a violation within the jurisdiction" of the Commission has occurred. *Id.* § 571.127(a)(5). The Commission is then charged with resolving the complaint, and if it cannot do so, with holding a formal hearing. *See id.* § 571.128. "In connection with an informal or a formal hearing, the commission, as authorized by this chapter, may subpoena and examine witnesses and documents that directly relate to a sworn complaint." *Id.* § 571.137(a).

Section 571.140 provides in relevant part:

> (a) Except as provided by Subsection (b), proceedings at a preliminary review or informal hearing performed by the commission, a sworn complaint, and documents and any additional evidence relating to the processing, preliminary review, informal hearing, or resolution of a sworn complaint or motion are confidential and may not be disclosed unless entered into the record of a formal hearing or a judicial proceeding, except that a document or statement that was previously public information remains public information.
>
> . . . .
>
> (c)   A person commits an offense if the person discloses information made confidential by this section. An offense under this subsection is a Class A misdemeanor.

*Id.* § 571.140.

As we understand the position taken by the Commission, it is that not only the contents, but the existence of a sworn complaint is confidential; that, were its investigators to interview third-party witnesses about the situation giving rise to a complaint, this questioning would reveal the existence of such a complaint; and that, accordingly, in order to avoid running afoul of section 571.140, staff may not interview third-party witnesses.[2]

We do not believe that carefully tailored questions by a Commission staff member concerning the factual situation giving rise to a sworn complaint would necessarily violate section 571.140.

---

[2]*See* Brief from Karen Lundquist, General Counsel, Texas Ethics Commission, to Honorable John Cornyn, Texas Attorney General, at 2 (Oct. 10, 2002) (on file with Opinion Committee) [hereinafter Commission Brief].

One concern expressed by the Commission is that "[a]ny information related to a sworn complaint, including the existence or nonexistence of a sworn complaint, is also confidential." Commission Brief, *supra* note 2, at 2. However, as your predecessor suggested in her request letter, the Commission

> can fulfill its duty to investigate and interview 3rd party witnesses without necessarily breaching the confidentiality of a complaint. The TEC staff . . . can uphold the confidentiality of complaints and investigate thoroughly by asking witnesses appropriate questions that do not tell the witnesses the parties to the complaint or the nature of the complaint.

Request letter, *supra* note 1, at 2. In short, the mere fact that Commission staff asks a third-party witness questions relating to a situation that gives rise to a sworn complaint would not necessarily reveal the existence of a sworn complaint. While such a witness might infer that a complaint had been made, such an inference is not necessarily correct. An investigation might have been instituted under section 571.124(b) on the motion of a commissioner and the record votes of six commissioners. Thus, staff questioning will not "by its very nature reveal the existence of the sworn complaint and subject the staff to possible criminal and civil sanctions." *See* Commission Brief, *supra* note 2, at 2. Moreover, the statute specifically contemplates the questioning of witnesses in the context of formal and informal hearings. *See* TEX. GOV'T CODE ANN. § 571.137(a) (Vernon 1994).

Certainly the Commission's staff may and should exercise caution and discretion in any questioning of third-party witnesses. But the mere propounding of questions to such witnesses concerning the facts of a situation that has given rise to a sworn complaint is not a violation of section 571.140 of the Government Code.

## S U M M A R Y

It is not a *per se* violation of section 571.140 of the Government Code for the staff of the Texas Ethics Commission to question third-party witnesses concerning a situation that has given rise to a sworn complaint.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee